Stuart M. Price (SBN 150439)
Stuart@pricelawgroup.com
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 800
Encino, CA 91436
Phone: (818) 907-2030
Fax: (818) 205-2730
Attorneys for Plaintiff,
*Brenda Cisneros*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF CENTRAL CALIFORNIA

| | |
|---|---|
| BRENDA CISNEROS,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, N.A., a Nevada Corporation; and DOES 1 - 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.**<br>2. **CAL. CIV. CODE § 1788 *et seq*.**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Brenda Cisneros ("Plaintiff"), by and through her attorneys, alleges the following against Defendant Credit One Bank, N.A ("Credit One"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA

prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

**VENUE AND JURISDICTION**

3. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq.* and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant availed itself here, personal jurisdiction is established.

**PARTIES**

5. Plaintiff is a natural person residing in the state of California.

6. Plaintiff is a "debtor" as defined by CAL. CIV. CODE § 1788.2(h).

7. Defendant is a "debt collector" as that term is defined by CAL. CIV. CODE §1788.2(c), and sought to collect a consumer debt from Plaintiff.

8. Defendant is a debt collector with its principle place of business located at 585 Pilot Road, Las Vegas, Nevada 89119.

9. Defendant can be served through its agent National Registered Agents, Inc. of Nevada located at 701 South Carson Street, Suite 200, Carson City, Nevada 89701.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Due to financial hardship, Plaintiff filed Chapter 7 Bankruptcy on September 24, 2015 in the Central District Court of California (Case # 1:15-bk-13181-MB).

12. Despite being on notice that Plaintiff filed Bankruptcy, Defendant sent monthly statements to Plaintiff up until April 2016.

13. Each statement had an increasing amount owed from one month to the next and clearly showed a balance owed.

14. Both the February and March statements had language that read "YOUR ACCOUNT IS PAST DUE AND WILL ADVERSELY AFFECT YOUR CREDIT RATING. PLEASE PAY THE MINIMUM AMOUNT DUE NOW OR CALL (888) 729-6274." See attached **Exhibits A and B**.

15. The above language caused Plaintiff severe emotional distress because she thought she owed a debt even though it was discharged through Bankruptcy and she feared her credit score was going to be negatively impacted by not paying the debt.

16. The statements were misleading and confusing, in order to deceive Plaintiff into paying a debt she did not owe.

- 3 -

17. The final statement had in bold letters "YOUR ACCOUNT IS SCHEDULED TO BE CHARGED OFF. THE BALANCE WILL BE DUE IN FULL. CALL (888) 729-6274." See attached **Exhibit C**.

18. The above language is false and misleading. It is an attempt to get Plaintiff to pay a debt she is not obligated to pay.

19. Additionally, on or about September 2015, Plaintiff began receiving calls on her cellular phone number; (818) 390-4845.

20. Defendant called Plaintiff from the following numbers: (888) 338-3804; (832) 973-8066; (860) 509-0050; (410) 568-6497; and (818) 457-3865.

21. Plaintiff believes all numbers are owned and operated by Defendant.

22. Defendant did not have consent to contact Plaintiff on her cellular telephone.

23. On or about October 19, 2015, at 1:47 p.m., Plaintiff received a phone call from (888) 338-3804 and spoke with representative Karen.

24. Then on or about October 28, 2015, at 3:08 p.m., Plaintiff received a phone call from (818) 457-3865 and spoke with representative John.

25. Between October 8, 2015 and October 28, 2015, Defendant called Plaintiff no less than seven (7) times without prior express consent to be contacted on her cellular telephone.

26. Each time Plaintiff answered a call from Defendant, there would be a delay in the time it took for Defendant to respond indicating the use of an automated telephone dialing system.

27. Defendant called Plaintiff from a variety of area codes located in varying states in an attempt to hide its identity and further indicating the use of an automated telephone dialing system.

28. As a result of Defendants' conduct, Plaintiff has suffered severe emotional distress and actual damages.

## COUNT I- FIRST CLAIM FOR RELIEF

**(Violations of the TCPA, 47 U.S.C. § 227)**

29. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

30. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### COUNT II – SECOND CLAIM FOR RELIEF

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788 *et seq.*)**

31. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

32. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b. Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances; and

    c. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections

1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    i. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

    iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

33. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff, Brenda Cisneros, respectfully requests judgment be entered against Defendant, Credit One, for the following:

A. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B);

B. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B) and 47 U.S.C. § 227 (b)(3)(C);

C. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE §1788.30(b),

D. Actual damages pursuant to CAL. CIV. CODE § 1788.30(a);

E. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788.30(c); and

F.  Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 10th day of February, 2017.

**PRICE LAW GROUP, APC**

By:/s/ Stuart Price
Stuart Price (SBN 150349)
E: stuart@pricelawgroup.com
Attorneys for Plaintiff,
*Brenda Cisneros*